# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| In re: | Case No. 22-31447 |
| | (Chapter 13) |
| **Lawrence Lee Adams,** | |
| *Debtor.* | Judge Guy R. Humphrey |

## CINCINNATI CAPITAL HOLDINGS' MEMORANDUM IN OPPOSITION TO DEBTOR'S OBJECTION TO ALLOWANCE OF CLAIM (DOC. 43)

Now comes Creditor Cincinnati Capital Holdings, LLC (hereinafter, "Cincinnati Capital"), and hereby sets forth the reason why the Debtor's Objection to Allowance of Cincinnati Capital's Claim (Doc. 43) (the "Objection") should be overruled.

1. On December 19, 2022, Cincinnati Capital filed a Proof of Claim in the amount of $215,175.10, which was assigned Claim # 10, and Cincinnati Capital subsequently filed an amended Proof of Claim on January 17, 2023, in the amount of $213,375.21, which was assigned Claim # 10-1 (the "Proof of Claim").

2. The basis for the Proof of Claim is a promissory note which Debtor Lawrence Lee Adams ("Adams") and his non-party spouse (collectively, the "Borrowers") executed on or about February 26, 2010, in favor of Bramble Savings Bank (the "Note"). A true and accurate copy of the Note is attached hereto and incorporated herein by reference as **Exhibit A**.

3. On or about April 4, 2011, Foundation Bank, successor by merger to Bramble Savings Bank, assigned all of its rights, title and interest in the Note and Mortgage (defined below) to Cincinnati Capital. A true and accurate copy of the Allonge is attached hereto and incorporated herein by reference as **Exhibit B**.

4. The Note is secured by a Mortgage that was executed by the Borrowers on February 26, 2010, and which was duly recorded on March 9, 2010, in the Official Records of the Warren County Recorder at O.R. Volume 5045, Pages 838, *et seq.* (the "Mortgage"), against the real property and improvements located at 3908 Everett Avenue, Loveland, OH 45140, and identified by the Warren County Auditor as Parcel Number 1620102026 (the "Property"). A true and accurate copy of the Mortgage is attached hereto and incorporated herein by reference as **Exhibit C**, and a true and accurate copy of the Assignment of Mortgage (which was duly recorded on April 7, 2011, in the Official Records of the Warren County Recorder at O.R. Volume 5297, Pages 945, *et seq.*) is attached hereto and incorporated herein by reference as **Exhibit D**.

5. On or about November 15, 2013, the Borrowers executed a Note and Mortgage Loan Modification Agreement (the "Modification"). A true and accurate copy of the Modification is attached hereto and incorporated herein by reference as **Exhibit E**.

6. The Modification expressly states as follows: "Loan will amortize over 25 years and will have a 2 year balloon. If borrowers remain in good standing Lender may extend the loan for another 23 years." As such, the Note matured on November 15, 2015.

7. "A balloon payment is defined as a 'final payment of principal *** commonly representing essentially the entire principal.'" *Ceroni v. Suffield United Church of Christ*, 2003-Ohio-5707, ¶27, quoting Black's Law Dictionary (6 Ed.Rev.1991).

8. As explained above, the Modification expressly provides that the loan "will have a 2 year balloon," which means that it would mature on November 15, 2015.

9. In other words, the language of the note clearly notified the Borrowers that the loan would mature on November 15, 2015, two years following its Modification.

10. There is no dispute that the Borrowers did not pay the balloon payment, which is a default of both the Note and the Mortgage.

11. The Borrowers also did not remain in good standing following the Modification. As reflected in Cincinnati Capital's Amended Mortgage Proof of Claim Attachment 410A, filed herein on January 17, 2023, their first uncured default following the Modification occurred less than three months later, on January 31, 2014. For the Court's convenience, a copy of that attachment is attached hereto and incorporated herein by reference as **Exhibit F**. As such, the Borrowers were not able to refinance the Note prior to maturity on November 15, 2015, Cincinnati Capital did not extend the loan, and the Note matured on November 15, 2015.

12. Given all of the foregoing, $213,375.21 is pre-petition debt that was immediately due and payable on the petition date, and Cincinnati Capital correctly filed its Proof of Claim as all pre-petition arrears.

13. Debtor's counsel incorrectly alleges that Cincinnati Capital obtained a pre-petition State Court foreclosure judgment, but that is incorrect—the Debtor filed bankruptcy prior to the issuance of any state court judgment, and no State Court judgment has been rendered.

14. Additionally, Debtor's counsel vaguely alleges—without any support or authority—that Cincinnati Capital has violated unspecified state and federal laws, but there is no law that precludes a borrower and a creditor from modifying a loan. Claim 10-1 was not filed in bad faith or to harass the Debtor, but instead simply to recognize an agreement that the Debtor voluntarily entered.

15. The standard for resolving a claim objection is well known and will be summarized briefly.

> Pursuant to 11 U.S.C §502(a), a proof of claim properly filed is deemed allowed unless a party in interest objects. If a party in interest objects, the court must determine the proper amount of the allowable claim. 11 U.S.C. §502(b)(1). A proof of claim filed in accordance with the rules is <u>prima facie</u> "evidence of the validity and amount of the claim." Rule 3001(f).
>
> If a party objects to the claim, the objecting party carries the burden of going forward with evidence to overcome the prima facie validity and amount of the claim. If the objecting party produces evidence to refute at least one of the allegations essential to the claim's legal sufficiency, the burden of persuasion

4

shifts back to the claimant. The claimant ultimately bears the burden of proving the validity of the claim by a preponderance of the evidence. *In re Hughes*, 313 B.R. 205, 208 (Bankr. E.D. Mich. 2004).

The Third Circuit has summarized the shifting burden employed in determining a contested proof of claim:

> [T]he objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992) (internal citations omitted).

16. Here the Debtor produced no evidence and instead made unsupported and unspecific general allegations of violations of state and federal law. As such, the Debtor has clearly failed to satisfy his burden, and his objection should be overruled.

**WHEREFORE**, Cincinnati Capital respectfully prays that the Debtor's Objection (Doc 43) be overruled, and that its claim (Claim 10-1) be allowed.

Respectfully submitted,

*/s/ Paul T. Saba*
Paul T. Saba (0063723)
STAGNARO, SABA & PATTERSON CO., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
513.533.2703 // 513.533.2999 (facsimile)
pts@sspfirm.com
***Attorneys for Creditor Cincinnati Capital Holdings, LLC***

# CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2023, a copy of the foregoing Memorandum in Opposition to the Trustee's Objection to Allowance of Claim was served upon the U.S. Trustee and on all registered ECF Participants, electronically through the court's ECF System at the email address registered with the Court:

Gregory Wetherall, Attorney for Debtor
Office of the U.S. Trustee
John G. Jansing, Chapter 13 Trustee

                                                      */s/ Paul T. Saba*
                                                     Paul T. Saba (0063723)

I further certify that a true and accurate copy of the foregoing Memorandum in Opposition to the Trustee's Objection to Allowance of Claim was transmitted to the following on March 13, 2023, via regular U.S. mail, postage pre-paid:

Lawrence L. Adams
3908 Everett Ave
Loveland, OH 45140

                                                      */s/ Paul T. Saba*
                                                     Paul T. Saba (0063723)